IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTHA STILLWAGON, | ) | Civil Action No. 2:22-cv-334 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MT. LEBANON HEALTHCARE | ) | |
| OPERATIONS LLC, D/B/A | ) | |
| MT. LEBANON REHABILITATION, | ) | |
| AND WELLNESS CENTER, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, MARTHA STILLWAGON, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendant for violating the Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

3. Jurisdiction is founded on 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5.  Plaintiff, Martha Stillwagon, is an adult female individual who resides in Allegheny County, Pennsylvania.

6.  Defendant, Mt. Lebanon Healthcare Operations LLC d/b/a Mt. Lebanon Rehabilitation and Wellness Center, is a nursing facility and Pennsylvania limited liability company doing business at 350 Old Gilkeson Road, Mount Lebanon, Pennsylvania 15228.

## FACTUAL ALLEGATIONS

7.  Defendant's parent company is Comprehensive Health Management Services ("CHMS").

8.  Defendant receives Medicare and Medicaid funding. In order to receive this funding, Defendant must meet certain prerequisites, including, but not limited to, staffing requirements.

9.  Plaintiff was hired by Golden Living Center, located at 350 Old Gilkeson Road, Mount Lebanon, Pennsylvania 15228, as Human Resource Generalist on or about December 15, 2014.

10. That facility was acquired by CHMS in or about February of 2017 and became the named Defendant. At that time, Plaintiff became the Human Resources Director for the Defendant.

11. From in or about October of 2018 until Plaintiff's leave of absence, in or about September of 2019, Defendant's Licensed Nursing Administrator, Susan Gilbert ("Gilbert"), as Plaintiff's direct supervisor, demanded that the Plaintiff misrepresent staff hours through various timecard alterations. These timecard alterations included adding extra time for shifts that were not actually worked.

12. Ms. Gilbert demanded that the Plaintiff, and others, misrepresent staff hours in order to falsify records in order to give the appearance that Defendant met federal and state staffing requirements, including, but not limited to, requirements described in Paragraph 8 above.

13. Ms. Gilbert regularly intimidated and harassed the Plaintiff and threatened that the Plaintiff would be terminated from her position if she did not follow her demands to misrepresent staff hours for shifts that were not actually worked.

14. Additionally, Ms. Gilbert and the Defendant, by and through Ms. Gilbert's conduct, knowingly allowed staff members to work with expired licenses.

15. In or about September of 2019, Plaintiff took a leave of absence as a direct and proximate result of the emotional distress caused by the above-described demands and threats by Ms. Gilbert, as more fully described hereinbefore above.

16. On or about January 23, 2020, Plaintiff resigned from her position with the Defendant and submitted a letter of resignation wherein the Plaintiff identified wrongdoing by the Defendant and Ms. Gilbert, as more fully described hereinbefore above, including, but not limited to, instructing the Plaintiff to misrepresent staff hours and allowing staff to work with expired licenses.

17. The aforementioned letter of resignation was sent by electronic mail to several of Defendant's administrators, including, but not limited to, Ms. Gilbert, James Schmerbeck, CHMS Chief Executive Officer, Samuel Halper ("Halper"), and Director of Regional Operations, David Ferraro.

18. Shortly thereafter, Plaintiff was contacted by Christopher Johnson ("Johnson"), of RYTES Company, regarding the allegations made in the aforementioned letter of resignation. Plaintiff believes, and therefore avers, that RYTES Company is a third-party company administrator working with the Defendant's corporate compliance division.

19. At that time, Plaintiff was notified that she would be contacted again to further discuss the allegations of wrongdoing by Ms. Gilbert and the Defendant made in the aforementioned

letter of resignation. Plaintiff, however, was not contacted by Mr. Johnson, nor any member of RYTES Company, again.

20. Sometime thereafter, Plaintiff reported Defendant's and Ms. Gilbert's wrongdoing to the proper authorities. This wrongdoing by Ms. Gilbert, on behalf of the Defendant, included, but is not limited to, directives to misrepresent staff hours, make overpayments to staff for shifts that staff did not actually work and allowing staff to work with expired licenses.

21. On or about February 24, 2021, Ms. Gilbert was indicted by a federal grand jury for engaging in a conspiracy on behalf of the Defendant to engage in fraud violative of federal and state laws.

22. Plaintiff participated in the criminal investigation of Ms. Gilbert.

23. Plaintiff has also cooperated with the Department of Labor as a witness in an ongoing Fair Labor Standards Act ("FLSA") civil enforcement action against CHMS, the Defendant's parent company. Mr. Halper is also a named Defendant in that civil enforcement action.

24. As a witness in the FLSA civil enforcement action, Plaintiff reported the Defendant's and Ms. Gilbert's wrongdoing, as described herein.

25. In or about November of 2021, Plaintiff was identified as a trial witness in the aforementioned civil enforcement action.

26. In a letter dated November 18, 2021, approximately two (2) weeks after the Plaintiff was identified as a trial witness in the aforementioned FLSA civil enforcement action, Defendant's attorney threatened a civil action against the Plaintiff.

27. On or about January 12, 2022, Defendant filed a civil action against the Plaintiff in the Court of Common Pleas of Allegheny County, alleging that the Plaintiff initiated the wrongdoing described herein, that the Plaintiff was the only participant in this wrongdoing and that the

Defendant was without any knowledge of this wrongdoing. These allegations were, and are, false.

28. Defendant had no adequate justification for its improper, unwarranted and unlawful filing of a civil action against the Plaintiff.

29. Defendant knew, or should have known, through the actions of Ms. Gilbert, the criminal indictment of Ms. Gilbert and the FLSA civil enforcement action against its parent company and Mr. Halper, that the allegations made against the Plaintiff in its civil action against the Plaintiff are false.

30. Defendant knew, or should have known, that the Plaintiff was acting at the direction, knowledge and behest of Ms. Gilbert, the Licensed Nursing Home Administrator for the Defendant.

31. Plaintiff believes, and therefore avers, that this civil action was taken against her to deter the Plaintiff from testifying at the FLSA civil enforcement action trial, as more fully described hereinbefore above.

32. Plaintiff believes, and therefore avers, that this civil action was taken against her by the Defendant in order to harass and defame the Plaintiff in retaliation for engaging in protected activities, as more fully described herein, to wit, reporting the wrongdoing of Ms. Gilbert and the Defendant, participating in the criminal investigation of Ms. Gilbert and participating in a FLSA civil enforcement action against the Defendant's parent company, CHMS.

33. As a direct and proximate result of the Defendant's actions, Plaintiff has been adversely affected financially, professionally and emotionally.

34. As a direct and proximate result of the Defendant's illegal and retaliatory conduct, Plaintiff has suffered, and continues to suffer, from extreme emotional distress and physical

manifestations of that stress, including, but not limited to insomnia and exacerbation of Plaintiff's arterial fibrillation and chronic obstructive pulmonary disease.

COUNT I:

PLAINTIFF v. DEFENDANT

VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER
FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215(a)(3)

<u>RETALIATION</u>

35. Plaintiff incorporates by reference Paragraphs 1 through 34 as though fully set forth at length herein.

36. Plaintiff claims damages for the injuries set forth herein against the Defendant for violations of the Plaintiff's rights under 29 U.S.C. 215 § (a)(3).

37. At all times relevant hereto, pursuant to the FLSA, Plaintiff had the right to be free from retaliation for engaging in protective activities, to wit, reporting wrongdoing of Ms. Gilbert and the Defendant, participating in the criminal investigation of Ms. Gilbert and participating in the FLSA civil enforcement action against the Defendant's parent company, CHMS.

38. Plaintiff's right to be free from retaliation was violated when the Defendant maliciously filed a civil action in which it made false and defamatory allegations against the Plaintiff.

39. Plaintiff believes, and therefore avers, that this civil action was taken against her to deter the Plaintiff from testifying at the FLSA civil enforcement action trial, as more fully described hereinbefore above.

40. Plaintiff believes, and therefore avers, that this civil action was taken against her by the Defendant in order to harass and slander the Plaintiff in retaliation for engaging in protected activities, as more fully described herein, to wit, reporting the wrongdoing of Ms. Gilbert and the

Defendant, participating in the criminal investigation of Ms. Gilbert and participating in a FSLA civil enforcement action against the Defendant's parent company, CHMS.

41. Defendant had no adequate justification for its improper, unwarranted and unlawful filing of a civil action against the Plaintiff.

42. Defendant's actions deprived the Plaintiff of rights guaranteed to her by the Fair Labor Standards Act.

43. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant, Plaintiff suffered the following injuries and damages:

    a. Plaintiff's rights under the FLSA to be free from retaliation were violated;

    b. damage to the Plaintiff's reputation;

    c. extreme emotional distress;

    d. exacerbation of medical issues;

    e. economic damages related to any and all consequential costs; and

    f. any other injuries and incurred damages which may become apparent throughout this litigation.

WHEREFORE, for all the above reasons, Plaintiff demands compensatory general damages against the Defendant in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit, reasonable attorney's fees as permitted by law; punitive damages; pre- and post-judgment interest as permitted by law; consequential damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                            JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: February 22, 2022